```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STATE OF NEW YORK, STATE OF CALIFORNIA,
STATE OF ILLINOIS, STATE OF MARYLAND,
STATE OF MINNESOTA, RURAL & MIGRANT
MINISTRY, ALIANZA NACIONAL DE
CAMPESINAS, EL COMITE DE APOYO A LOS         20-cv-10642 (LJL)
TRABAJADORES AGRICOLAS, FARMWORKER
ASSOCIATION OF FLORIDA, MIGRANT              ORDER
CLINICANS NETWORK, PINEROS Y CAMPESINOS
UNIDOS DEL NOROESTE, RURAL COALITION,
UNITED FARM WORKERS, UNITED FARM
WORKERS FOUNDATION,
                                Plaintiffs,
       -v-

UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY and Andrew Wheeler, in his official capacity
as Administrator of the United States Environmental
Protection Agency,

                                Defendants.
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   The Court has received letters from both parties asking that the hearing on a preliminary injunction scheduled for today, January 8, 2021, be adjourned and that the temporary restraining order ("TRO") staying the effective date of Pesticides—Agricultural Worker Protection Standard: Revision of the Application Exclusion Zone Requirements, 85 Fed. Reg. 68,760 (Oct. 30, 2020) (the "2020 Rule") scheduled to expire on January 12, 2021 be extended.  The Government reports that it discovered "an error in certain information underlying the rule at issue" and asks for time for "considering the issue and determining its effect, if any, on the 2020 Rule."  Dkt. No. 17 at 1.  The Government consents to an extension of the TRO staying the effective date of the 2020 Rule, under Fed. R. Civ. P. 65(b)(2), for one week, until January 19, 2021.  *Id.*  It asks that the deadline for filing the record be extended for one week from January 8, 2021 to January 15, 2021, and that the hearing on whether to convert the TRO to a preliminary injunction and/or to extend the stay of the effective date under 5 U.S.C. 705 be adjourned to January 15, 2021.  *Id.*  Plaintiffs consent to an extension of the TRO and the stay and to adjournment of the filing and hearing dates but request the opportunity to respond in writing to any new information provided by EPA.  Accordingly, they request that the TRO be extended for the full 14 days permitted by Fed. R. Civ. P. 65(b)(2) to January 26, 2021. Dkt. No. 18 at 1.  They ask that the hearing be scheduled for no earlier than January 21, 2021.  *Id.*

The erroneous material reported by the Government is potentially material. The 2020 Rule states that "EPA-approved trainings since 2018 . . . have also incorporated EPA's 2016 guidance on how to apply pesticides near establishment borders and provide information on various measures applicators or handlers can take to prevent individuals from being contract by spray or through drift." 85 Fed. Reg. at 68,770-71. The Government relied on that language and on the training to argue that any impact from offsite drift that would otherwise be occasioned from the substantial rollback of the AEZ in the 2020 Rule was redressed by the enhanced training provided for in 2015. Indeed, at oral argument, the Court asked the Government what it thought were "the most important changes from the 2015 rule that address issue of drift." Hr'g Tr. 25:17-26:4. The Government responded: "[T]he one . . . that's most important here is additional training." *Id*. If it turns out, as the Government has now stated, that contrary to the EPA's findings of fact in formulating the 2020 Rule, "some trainings approved by EPA since 2018 have not included" information about how "to prevent individuals from being contacted by spray or through drift," Dkt. No. 17, that new information may substantially undermine the Government's arguments. At a minimum, the new information will require careful consideration.

Rule 65(b)(2) permits the Court to extend a TRO, scheduled to expire on a date not to exceed 14 days after entry, "for a like period or [if] the adverse party consents to a longer extension" upon a finding of "good cause." Fed. R. Civ. P. 65(b)(2). The Government has consented to an extension to January 19, 2021. The Court finds that there is good cause for an additional extension of a few days based on the nature of the error and the need for the Government to consider its effect on the 2020 Rule, as well as for the opportunity for the Plaintiffs to respond to any new information provided by the Government. There are two alternative dates in the Court's orders. The order entered on December 28, 2020 provided that the TRO and stay would expire on January 11, 2021. The opinion issued the following day provided that the TRO and stay would expire on January 12, 2021. The Court finds good cause to extend the TRO and the stay for an additional ten days from the latter date or to January 22, 2021. Accordingly, it is hereby ORDERED:

1. The Government's request for an extension of time to submit the record is granted and the Government may file the record by January 15 at 5:00 p.m. The Government shall make any corrections to the record or to its papers in this case by that date.
2. By January 19 at 5:00 p.m, the Parties may submit supplemental letter briefs no longer than three single spaced pages limited to the impact of the Government's error and any new information on the issues before the Court.
3. The hearing on the motion for a preliminary injunction and stay is adjourned to January 21, 2021 at 3:00 p.m. Parties should be prepared to discuss an expedited schedule for summary judgment briefing at oral argument. Parties are directed to dial 888-251-2909 and use access code 2123101.
4. The temporary restraining order and the stay of the effective date of the 2020 Rule are extended to January 22, 2021. Defendants, the United States Environmental Protection Agency and Andrew Wheeler, Administrator of the United States Environmental Protection Agency, are enjoined and restrained from taking any action to make effective the Final Rule prior to January 22, 2021.

In addition, all Parties are directed to meet and confer prior to the January 22, 2021 hearing to agree upon a proposed schedule to present to the Court by which this case can be resolved through competing motions for summary judgment on an expedited basis. The Parties should be prepared to discuss that schedule at the hearing scheduled for January 22, 2021.

SO ORDERED.

Dated: January 8, 2021
      New York, New York

                                                LEWIS J. LIMAN
                                         United States District Judge